USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/7/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CYNTHIA J. GILMAN,

Plaintiff,

-against-

ROBERT MCCARTHY, ALVAREZ & MARSAL, TRANSACTION ADVISORY GROUP, LLC, MAROLLES, LLC, d/b/a BXL CAFÉ EAST, YVES MICHIELS, SHP ENTERPRISES, INC. d/b/a ENVY, PETER PARK, SUK HUI PARK, 218 EAST 52ND STREET RESTAURANT, LLC d/b/a NIALL'S ON 52ND, MATTHEW MORAN, NIALL P. MORAN, XYZ CORPORATION: (names unknown) fictitious corporations, limited liability companies or partnerships, JOHN DOE and MARY ROE , (name unknown), fictitious persons,

Defendants-Crossclaimants.

**MEMORANDUM AND ORDER**

13-CV-1716 (KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## BACKGROUND

Cynthia J. Gilman ("Gilman") commenced this action for damages resulting from injuries she sustained, on March 23, 2011, at approximately 4:15 a.m., while driving northbound on Route 9, in New Jersey, when Robert McCarthy ("McCarthy"), who was driving southbound on Route 9, crossed over into her lane of travel, striking her vehicle head-on. Gilman alleges that, commencing in the evening of March 22, 2011, and continuing through the early morning of March 23, 2011, McCarthy, employed as a managing director of Alvarez & Marsal Transaction Advisory Group, LLC, was acting within the scope of his employment when he and other employees entertained a prospective employee at the following New York establishments:

Marolles, LLC d/b/a BXL Café East ("BXL"), SHP Enterprises, Inc. d/b/a Envy ("Envy") and 218 East 52nd Street Restaurant, LLC d/b/a Niall's on 52nd ("Niall's"). Gilman asserts that, in the course of entertaining the prospective employee, McCarthy consumed alcohol and became intoxicated, achieving a blood alcohol concentration of approximately .24, three times the legal limit in New Jersey. Gilman alleges that she suffered permanent injuries, underwent a number of surgical procedures and will have to undergo future medical treatment. Gilman asserted the following claims in this action: (1) negligence against McCarthy and Alvarez & Marsal Transaction Advisory Group, LLC; (2) gross negligence against McCarthy and Alvarez & Marsal Transaction Advisory Group, LLC; (3) violations of New York's Dram Shop Act, General Obligations Law §§ 11-100[1] and 11:101, and Alcohol and Beverage Control Law Section 65,[2] against BXL, Envy, Niall's, Yvez Michiels, Peter Park, Suk Hui Park, Matthew Moran, Niall P. Moran and Alvarez & Marsal Transaction Advisory Group, LLC, jointly and severally; and (4) negligent supervision and hiring against Yvez Michiels, Peter Park, Suk Hui Park, Matthew Moran and Niall P. Moran. Gilman also seeks punitive damages under New York's Dram Shop Act, as well as interest, costs and disbursements in this action. The defendants made crossclaims for contribution and indemnity. Before the Court is a motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, made by Niall's, Matthew Moran and Niall P. Moran (the "movants") (Docket Entry No. 76), seeking an

[1] Gilman asserted, improperly, a claim based on New York General Obligations Law § 11-100, which concerns compensation for an injury caused by the intoxication of a person under the age of twenty-one. Gilman did not assert that McCarthy was under twenty-one years of age on March 23, 2011.

[2] To the extent that Gilman asserted a claim based on New York's Alcoholic Beverage Control Act § 65, she cannot, as Section 65 "does not create a private right of action." Sherman v. Robinson, 80 N.Y.2d 483, 487, 591 N.Y.S.2d 974, 976 (1992).

order dismissing the plaintiff's claims and all crossclaims against them.

***Movants' Contentions***

The movants contend that the plaintiff's claims against them, based on New York's Dram Shop Act, must be dismissed because no evidence exists that McCarthy was sold or served alcohol at Niall's. According to the movants, McCarthy "certified in answers to interrogatories and testified under oath that he has no recollection of being at Niall's on March 23, 2011, so he clearly is unable to testify that he was served any alcohol." The movants assert that "[t]he only circumstantial evidence that McCarthy was in Niall's is based on the fact that Jennifer Shiu found his laptop in the bar and took it by mistake. Ms. Shiu could not identify McCarthy and there is not one witness who can testify that he was served alcohol at Niall's." Since no evidence exists regarding "how the laptop came to be left there, . . . proof is utterly lacking of his consumption of alcohol or his display of visible signs of intoxication while on [the] premises." Thus, the movants contend, the inferences that the plaintiff is asking the Court to draw are not reasonable or rational, and they are based on a "faulty premise or dubious circumstantial evidence." Moreover, McCarthy's admission that he patronized Niall's between 2006 and 2009 "is not the type of circumstantial evidence of habit or custom from which it may be reasonably inferred that McCarthy acted in conformity with the alleged practice on the evening in question." The movants assert that any "suggestion of a routine practice probative of McCarthy's conduct at Niall's on March 23, 2011 invites sheer speculation whether the purpose of his visit was to use the bathroom, meet an acquaintance, socialize with strangers, or continue drinking; and if the latter whether he was denied service in any event." The movants maintain that no direct or circumstantial evidence supports the plaintiff's claims against them.

***Plaintiff's Contentions***

Gilman contends that, under Rule 406 of the Federal Rules of Evidence, she raised a triable issue of fact concerning whether McCarthy "drank at Niall's in the early morning of March 23, 2011." She asserts that, "[b]ased upon McCarthy's habit of always drinking when he was at Niall's, there is certainly enough foundational evidence for permitting this to be considered by the jury." Gilman maintains that proof of McCarthy's habit can be established "given several years of attendance at Niall's by McCarthy" and McCarthy's assertion that he "only ever went to Niall's to drink." Gilman contends that she need only prove that Niall's contributed to McCarthy's intoxication, and "[c]learly, any alcohol consumed by McCarthy at Niall's contributed to his total level of intoxication." Gilman maintains that this case is "a classic example of habit—that he was in the throes of his alcohol addiction and would, if at Niall's bar, drink," and, "whether McCarthy followed his usual and customary habit of drinking at Niall's," is a question for a jury to answer.

***Movants' Reply***

The movants contend that the plaintiff ignores the basic requirements for proving a violation of New York's Dram Shop Act and lacks the requisite expert evidence. According to the movants, the plaintiff's theory that McCarthy "would have ordered a drink is not evidence that he was served a drink," and would require "a substantial leap in evidentiary proof that McCarthy was 'sold' alcoholic beverages under the Dram Shop Act." The movants assert that it is undisputed that McCarthy did not use his personal or business credit card to pay for any drinks at Niall's, despite having both in his possession, which is relevant considering that it is undisputed that he used his personal credit card to pay his share of the bill at Envy and his business American Express card to retrieve his vehicle from a parking garage. Moreover, it is

undisputed that Niall's had a policy of not serving visibly intoxicated customers, and the bartender on duty at the alleged relevant time had no recollection of serving McCarthy any drinks. Additionally, the plaintiff lacks any expert testimony to connect Niall's to the subject automobile collision, since her forensic expert, Richard Saferstein, stated that he had no proof that McCarthy was served alcohol at Niall's, on March 22 or 23, 2011, and he did not state that McCarthy was served alcohol at Niall's. The movants contend that the expert's testimony should not be given any probative value since it is not based on "any trace of facts or data." Moreover, they maintain that, since the plaintiff has no evidence of a sale or service of alcohol, as required by the statute, or expert testimony to connect McCarthy's drinking at Niall's to the subject automobile collision, her claims must be dismissed. The movants assert that, even if evidence exists that McCarthy ordered a drink at Niall's, no evidence exists that he was served a drink. Thus, to allow the evidence that it was McCarthy's habit to order a drink at Niall's "would result in unfair prejudice to Niall's, confusion of the issues or mislead the jury." The movants contend that the plaintiff cannot establish that McCarthy's conduct constitutes habit. That is so because "the ordering of a drink in a bar, which the majority of customers in a bar would do, is not the type of habit evidence admissible under the Federal Rules of Evidence."

**UNDISPUTED FACTS**

218 East 52nd Street Restaurant, LLC d/b/a Niall's on 52nd is a domestic business corporation organized and existing under New York law, with its address at 218 East 52nd Street, New York, New York, 10022. Niall P. Moran and Matthew Moran are members of 218 East 52nd Street Restaurant, LLC d/b/a Niall's on 52nd. On March 23, 2011, Gilman was operating a Honda Accord on Route 9 North, in New Jersey, on her way to collect newspapers that she was going to deliver, when a vehicle that was traveling south on Route 9 came over into her lane,

striking her on the driver's side front. McCarthy does not remember the encounter with Gilman. McCarthy remembered waking up in his vehicle, being in an emergency vehicle and being in the hospital. In the hospital, McCarthy did not have cash, a wallet, a telephone or a computer.

After McCarthy was discharged from the hospital, he retrieved a message on his telephone from a woman who stated that she was in Niall's in the early morning of March 23, 2011, and she took his laptop computer. The woman found McCarthy's business card in the laptop-computer bag. Jennifer Shiu ("Shiu") was the woman who took McCarthy's laptop computer from Niall's, mistakenly believing it belonged to her friend. Shiu was shown a picture of McCarthy and denied seeing him at Niall's on the night in question.

In 2011, before being allowed to serve customers, the entire staff at Niall's was trained in alcohol awareness by an experienced staff member. Niall P. Moran refused service to visibly intoxicated customers at Niall's. In March 2011, Darren Harford ("Harford") was the bartender at Niall's on Tuesdays through Fridays, from 8:00 p.m. to 4:00 a.m. In 2000, Harford received a certificate in Training for Intervention Procedures, an alcohol training awareness program. Harford has refused to serve visibly intoxicated patrons at the bars where he worked, including Niall's, and this included refusing to serve customers who were visibly intoxicated at the time of their arrival to the bar.

**DISCUSSION**

***Legal Standard***

A motion for summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510

(1986). A "dispute about a material fact is 'genuine,' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. In determining whether a genuine issue as to any material fact exists, a "district court is required to resolve all ambiguities and draw all factual inferences in favor of the party against whom summary judgment is sought." St. Pierre v. Dyer, 208 F.3d 394, 404 (2d Cir. 2000). Additionally, "the court is not entitled to weigh the evidence" and, "if there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is improper." Id.

The Dram Shop Act provides:

> Any person who shall be injured in person, property, means of support, or otherwise by any intoxicated person, or by reason of the intoxication of any person, whether resulting in his death or not, shall have a right of action against any person who shall, by unlawfully selling to or unlawfully assisting in procuring liquor for such intoxicated person, have caused or contributed to such intoxication; and in any such action such person shall have a right to recover actual and exemplary damages.

New York General Obligations Law § 11-101(1).

"No person shall sell, deliver or give away or cause or permit or procure to be sold, delivered or given away any alcoholic beverages to . . . [a]ny visibly intoxicated person." New York Alcoholic Beverage Control Law § 65(2). "The 'visibly intoxicated' standard was specifically crafted to limit the tavern keeper's exposure and to preclude the imposition of a regulatory or monetary penalty when 'he or she had no reasonable basis for knowing that the consumer was intoxicated.'" Romano v. Stanley, 90 N.Y.2d 444, 449, 661 N.Y.S.2d 589, 591 (1997) (citation omitted).

Visible intoxication of a customer can be established by circumstantial evidence. See Adamy v. Ziriakus, 92 N.Y.2d 396, 401, 681 N.Y.S.2d 463, 465 (1998) ("[T]he failure to provide direct proof of visible intoxication in Dram Shop Act cases is not itself dispositive"

because circumstantial evidence may be used to establish that element of the statute). The Dram Shop Act must be "construed narrowly." D'Amico v. Christie, 71 N.Y.2d 76, 83, 524 N.Y.S.2d 1, 3 (1987).

"To establish a cause of action based on negligent hiring and supervision, it must be shown that 'the employer knew or should have known of the employee's propensity for the conduct which caused the injury.'" Jackson v. New York University Downtown Hospital, 69 A.D.3d 801, 801, 893 N.Y.S.2d 235, 236 (App. Div. 2nd Dep't 2010) (citation omitted).

***Application of Legal Standard***

No evidence, direct or circumstantial, exists in the motion record demonstrating that, on March 22 or 23, 2011, Niall's sold to or assisted in procuring alcohol for McCarthy while he was visibly intoxicated. Gilman contends that she should be allowed to introduce habit evidence at the trial of this action to show that McCarthy, "who habitually drank at Niall's, drank at Niall's on the evening in question." The habit Gilman wishes to establish is that, "[e]very time McCarthy is at Niall's, he drinks," and "McCarthy only ever went to Niall's to drink." However, any evidence that "[e]very time McCarthy is at Niall's, he drinks" or that the only reason for McCarthy to visit Niall's is to drink, is irrelevant to the first element of the Dram Shop Act claim, namely, "unlawfully selling to or unlawfully assisting in procuring liquor." New York General Obligations Law § 11-101(1). It is undisputed that staff members at Niall's were trained in alcohol awareness and that Harford, the bartender on duty at the relevant time, was so trained and has refused to serve Niall's customers who were visibly intoxicated. Gilman proffered no admissible evidence, direct or circumstantial, to show that: (a) on March 22 or 23, 2011, Harford or any other employee at Niall's sold to or assisted in procuring alcohol for McCarthy while he was visibly intoxicated; or (b) at Niall's, visibly intoxicated customers are served alcohol

habitually. Establishing that McCarthy was at Niall's and that he was drinking at Niall's, on March 22 or 23, 2011, is insufficient to establish that Niall's sold to or assisted in procuring alcohol for McCarthy while he was visibly intoxicated. The Dram Shop Act does not prohibit drinking at a restaurant or bar while being visibly intoxicated; rather, it prohibits "unlawfully selling to or unlawfully assisting in procuring liquor for such intoxicated person," New York General Obligations Law § 11-101(1). Absent showing that Niall's sold to or assisted in procuring alcohol for McCarthy while he was visibly intoxicated, no liability can exist under the Dram Shop Act. The Court finds that the motion record is devoid of any evidence showing that Niall's performed those acts. Accordingly, granting summary judgment on Gilman's Dram Shop Act claim against the movants is warranted.

The record is devoid of any evidence of negligent conduct on the part of Matthew Moran or Niall P. Moran. Therefore, the claim of negligent supervision and hiring Gilman asserted against them fails as a matter of law.

***Conclusion***

For the foregoing reasons, the motion for summary judgment, made by Niall's, Matthew Moran and Niall P. Moran, Docket Entry No. 76, is granted, and the plaintiff's claims and all crossclaims against them are dismissed.

Dated: New York, New York
May 7, 2015

SO ORDERED:

Kevin Nathaniel Fox
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

*cynthiagilman3.mo*